## EDWARD HERNDON *v.* GEORGE S. BRYANT.

1. PRACTICE: EXCEPTIONS TO DEPOSITIONS MUST BE DISPOSED OF BEFORE THE TRIAL.—If exceptions be filed to a deposition but a few moments before the trial commences, it is the duty of the exceptor to bring them to the notice of the adverse party, and have them disposed of before the trial commences, or else he will be held to have waived them. See Art. 221, p. 515, Rev. Code.

2. SALE: WARRANTY OF SOUNDNESS: MERE PREDISPOSITION TO DISEASE NO BREACH OF.—A mere liability or predisposition of a slave, at the time of the sale, to a particular disease arising from his form, size, or ancestry, is not unsoundness, and therefore no breach of a warranty of soundness of the slave.

3. SAME: SAME: ONLY OBVIOUS AND PALPABLE DEFECTS EXCLUDED FROM GENERAL WARRANTY OF SOUNDNESS.—The rule, which excludes from a general warranty of soundness obvious defects, applies to such imperfections only as are plain and palpable and cannot but be perceived and understood by the purchaser to their full extent, such as the want of an arm, a leg, or an eye.

4. INSTRUCTIONS : MUST BE PERTINENT AND APPLICABLE TO THE EVIDENCE.
It will be error for the court to give an instruction to the jury which is not
applicable to the evidence before them ; and for this reason it will be im-
proper for the court, on the trial of an action for a false warranty of sound-
ness in a slave, and where the defect complained of is secret and internal,
to instruct the jury that, if the disease were plain and palpable at the time
of the sale, it is not embraced in the warranty.

ERROR to the Circuit Court of Monroe county.   Hon. J. M.
Acker, judge.

This was an action upon a promissory note given for the pur-
chase of a slave, which was warranted sound by the vendor.
The defence relied upon was the unsoundness of the slave at
the time of the purchase.   Verdict and judgment for plaintiff
below for the amount of the note and interest.

The particular exceptions to the action of the court below
necessary to be noticed are set out in the opinion of the court.

*Houston & Reynolds* and  *W. F. Dowd*, for plaintiff in error.

*Sale* and *Phelan*, for defendant in error.

HANDY, J., delivered the opinion of the court :

The first question presented in this case is, whether the court
erred in overruling the exceptions filed by the defendant to
certain depositions taken on the part of the plaintiff, to rebut
the testimony of the defendant.

It appears that these exceptions were filed very shortly before
the case was called for trial, and after the counsel for the plain-
tiff had just examined the papers on file belonging to the case,
in order to be prepared for the trial ; that the plaintiff's counsel
were entirely ignorant that the exceptions had been filed, and
proceeded with the trial, when the case was called, without any
knowledge of their having been filed ; and that, under these
circumstances, the trial was proceeded with, and it was not until
the evidence on the part of the defendant was closed, and the
counsel for the plaintiff was proceeding to offer the depositions
in rebuttal, that the defendant's exceptions to the depositions
were brought to notice.

It is insisted on the one side, and denied on the other, that the exceptions were filed in due season to be entitled to due force. But however this may be, the statute requires that the exception shall, on motion of either party, be determined by the court "before the commencement of the trial." Rev. Code, 515, Art. 221. The plaintiff's counsel could not have brought the matter to the attention of the court before the commencement of the trial, because he was ignorant of the exceptions; and the counsel for the defendant failed to make the motion at the proper time. It was too late to do so after the trial had progressed as it had, especially as the plaintiff's counsel were taken by surprise at the motion when made. The rule established by the statute clearly contemplates that such exceptions shall be brought to the attention of the court and determined, before the trial is commenced, in order that the adverse party may not be prejudiced, and may have time to supply the defects by a continuance; and if the party relying on the exceptions fails to urge them at that time, he may be fairly held to have waived them, and especially when the adverse party was ignorant of them.

The several grounds of error founded on the ruling of the court on these exceptions are therefore untenable.

The next error assigned is the granting of the second instruction in behalf of the plaintiff: "That a mere liability or predisposition to a particular disease arising from the form, size, or ancestry of a slave, is not the disease itself, and does not in the eye of the law constitute unsoundness, or a breach of warranty of soundness."

The ground of defence being that the slave was unsound at the time of sale, the rule propounded by the instruction is clearly correct; for there must be positive disease at the time of sale in order to constitute unsoundness at that time.

It is further objected that the fourth instruction for the plaintiff is erroneous. It is as follows: "That the warranty of soundness in this case is a general one, and though he (the slave) may have been diseased at the time of sale from the illness of which he died or the defect complained of, yet if the defect was, at the time, so plain and perceptible as such, that Herndon did see it

or could have seen it with ordinary vigilance, then Bryant is not liable on the warranty, and the jury must find for the plaintiff."

The disease under which the slave was alleged to have been laboring at the time of sale was internal and secret, not palpable to the observation; and this is clear from the diversity of opinion among the physicians in regard to it. It does not therefore fall within the rule in relation to plain and palpable defects which are to be considered as excepted in the warranty; but is of that class of diseases against which a purchaser would most naturally require a warranty. This instruction is clearly in opposition to the rule held in *Shewalter* v. *Ford,* 34 Miss. R. 417; and, as it was calculated to mislead the jury, it is error for which the judgment must be reversed.

The other assignments apply to the weight of evidence as being against the verdict; but as that question will again arise before the jury on the new trial, and is most proper for their determination, we do not consider it proper to express an opinion upon the point.

Judgment reversed, and cause remanded for a new trial.